UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN FITZGERALD WILLIAMS,<br><br>                Plaintiff,<br>     v.<br><br>PATRICIA JACKSON, *et al.*,<br><br>                Defendants. | Case No. 3:21-cv-5352-MJP-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for October 22, 2021 |

      This matter is before the Court on Plaintiff's failure to update his address with the Court. Dkt. 17. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). For the reasons set forth below, the undersigned recommends that the Court dismiss this matter without prejudice for failure to prosecute under LCR 41(b)(2).

      On July 20, 2021, the Clerk of Court mailed an Order Directing Service and Notice of Option to Consent to plaintiff. *See* Dkt. 4. The mailing was returned as undeliverable on August 4, 2021. Dkt. 6. On September 16, 2021, the Court issued an order requiring plaintiff to update his address by October 4, 2021 or face dismissal of

REPORT AND RECOMMENDATION - 1

this matter without prejudice. Dkt. 17. That order was also returned as undeliverable. Dkt. 22.

Pursuant to Local Rule 41:

> A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address . . .. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service . . . and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing . . . address, the court may dismiss the action without prejudice for failure to prosecute.

Local Rules, W.D. Wash., LCR 41(b)(2). "Local Rule 41(b)(2) . . . confers discretion on the court to dismiss a pro se plaintiff's action if the plaintiff fails to keep the court apprised of his correct address." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). Plaintiff "bears the burden of keeping the court apprised of any changes in his mailing address." *Id.* at 1441. Further, "a defendant may move for dismissal of an action or of any claim against" the plaintiff "[f]or failure to prosecute or to comply with" the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b).

Here, mail was first returned to the Court as undeliverable to the address provided by plaintiff more than 60 days ago. To date, plaintiff has not responded to the Court's order requiring that he provide an updated address. Accordingly, the undersigned recommends that, pursuant to LCR 41(b)(2), the Court dismiss this action without prejudice for failure to prosecute. In light of the recommended dismissal, the Court also recommends that defendant Slothower's motion to dismiss (Dkt. 19) be denied without prejudice as moot.

REPORT AND RECOMMENDATION - 2

## CONCLUSION

For the reasons discussed above, the Court recommends that this action be DISMISSED without prejudice, and that defendant Slothower's motion to dismiss (Dkt 19) be DENIED without prejudice as moot.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **October 22, 2021**, as noted in the caption.

Dated this 5th day of October, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3